UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
HUMA AYYAZ,

                        Plaintiff,

    -against-

THE CITY OF NEW YORK, NEW YORK POLICE
DEPARTMENT,

                        Defendant.
------------------------------------------------------------------------x

Case No.: 1:19-cv-01412

**VERIFIED COMPLAINT**

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

Plaintiff HUMA AYYAZ ("Plaintiff"), by and through her attorneys, White, Hilferty & Albanese, hereby complains of Defendant, upon information and belief as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action alleging that Defendant has violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, the New York State Human Rights Law, N.Y. Exec. Law 290. *et seq.*, and the New York City Human Rights Law, N.Y. Admin Code 8-101, *et seq.* and seeks damages to redress the injuries she has suffered as a result of being **Discriminated Against on the Basis of her Race, Gender, and Sexual Harassment**.

## JURISDICTION & VENUE

2. Jurisdiction of this Court is proper under 42 U.S.C. § 2000, *et seq.*, and 28 U.S.C. §§ 1331 and 1343.

3. The Court has supplemental jurisdiction over Plaintiff's claims brought under state law pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) as it is a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## PROCEDURAL REQUIREMENTS

5. On November 20, 2017, Plaintiff filed a Notice of Claim with the Office of the New York City Comptroller.

6. On December 26, 2017, Plaintiff filed charges of discrimination upon which this Complaint is based with the New York State Division of Human Rights ("the Division"). The Division referred this case to Administrative Law Judge Joshua Levin for a hearing.

7. On July 26, 2018, the Division dismissed this case for administrative convenience to allow Plaintiff to pursue her claims in federal court.

8. Plaintiff received a notice of right to sue from the Equal Employment Opportunity Commission, dated November 26, 2018.

9. Plaintiff has filed this action within 90 days of receipt of the notice of right to sue.

## THE PARTIES

10. Plaintiff was and is a resident of the State of New York, County of Queens.

11. Defendant THE CITY OF NEW YORK, NEW YORK POLICE DEPARTMENT ("Defendant") is a municipal police force in the United States responsible for law enforcement and investigation within the five boroughs of New York City.

12. At all times relevant, Defendant owned, operated, and/or maintained its place of business in New York County, New York.

## MATERIAL FACTS

13. Plaintiff is a Pakistani female.

14. On December 8, 2013, Ms. Ayyaz became an Auxiliary Police Officer for Defendant at its 105th Precinct. Ms. Ayyaz is currently attending John Jay College of Criminal Justice and worked at LaGuardia College as a part-time employee.

15. Since 2015, Police Officer Andrew Thaler and Auxiliary Police Sergeant Rohit Singh supervised Ms. Ayyaz during her shifts for Defendant. Thaler was the Auxiliary Police Coordinator at Defendant's 105th Precinct; his responsibilities included coordinating auxiliary police activities with the command, scheduling auxiliary police training, and safeguarding equipment used by auxiliary personnel. As a result, Ms. Ayyaz often coordinated her schedule directly with Thaler. Singh was the Precinct's Auxiliary Sergeant; his responsibilities included training auxiliary members, reviewing reports for completeness and accuracy, and explaining police procedures to auxiliary members. Both Singh and Thaler performed supervisory duties for Ms. Ayyaz as an auxiliary officer.

16. Between June and September 2017, Thaler repeatedly asked Ms. Ayyaz to come to his home because his wife was away for a few months, advances which she repeatedly rejected.

17. On the evening of August 22, 2017, Ms. Ayyaz received a text message from Thaler asking for her location. Ms. Ayyaz responded that she was riding the bus home. Thaler then asked for her exact location and the approximate time Ms. Ayyaz would reach her stop. Due to his authoritative role over Ms. Ayyaz, she felt obligated to relay the demanded information to Thaler.

18. Upon reaching her stop in Queens Village, Ms. Ayyaz exited the bus and saw Thaler and Singh. Both were in uniform, and Thaler was armed.

19. Thaler and Singh asked where Ms. Ayyaz was going, she told them she intended to go home. Thaler insisted on giving Ms. Ayyaz a ride home in the NYPD van he and Singh were driving. Due to their supervisory roles, Ms. Ayyaz felt obligated to accept.

20. Ms. Ayyaz sat in the back seat of the van. Singh drove, and Thaler sat in the passenger seat. Ms. Ayyaz told Thaler and Singh her home address and gave them directions.

21. Singh pulled away from the bus stop and immediately made an incorrect turn, completely disregarding Ms. Ayyaz's directions.

22. Singh drove to Alley Pond Park and parked in an unlit, narrow alleyway, making it impossible for Ms. Ayyaz to exit the vehicle.

23. Ms. Ayyaz was terrified. Thaler was armed, and both officers were in uniform. Furthermore, both officers are significantly larger than Ms. Ayyaz, who is approximately five feet tall. Additionally, based upon both their supervisory roles and authority as a higher-ranking officers, Ms. Ayyaz was afraid to disobey their requests.

24. At this point, Thaler exited the passenger seat of the NYPD van and climbed into the back seat, sitting immediately next to Ms. Ayyaz. Thaler reached over, grabbed Ms. Ayyaz's hand, and slowly rubbed her arm, commenting that she had "very smooth and nice skin." Thaler clearly intended to engage in sexual intercourse with Ms. Ayyaz.

25. Singh then asked Thaler if he wanted to "do it" in the van or outside. Moments later, Singh turned off the van, locked the doors and turned off the lights, leaving Ms. Ayyaz trapped in darkness in the backseat next to an armed Thaler.

26. Thaler continued to rub the skin on Ms. Ayyaz's arm. Despite her terror, Ms. Ayyaz removed Thaler's hand from her arm, and explained that her skin was so smooth because she never waxed her arms. Thaler became very agitated and returned to the front seat. He told Singh to drop Ms. Ayyaz off at home because she was "not in the mood today."

27. Both Singh and Thaler knew Ms. Ayyaz came from a conservative Pakistani family that would frown upon any sexual interaction of this nature. Because they knew it was unlikely that Ms. Ayyaz would jeopardize her reputation or concern her family, they perceived her as a victim who would not reveal these events to anyone.

28. On August 23, 2018, Ms. Ayyaz texted Thaler indicating she would not come to work that day, stating she was not feeling well. Ms. Ayyaz was traumatized by the previous days' events with no desire to see either Thaler or Singh.

29. Because of Thaler and Singh's conduct, Ms. Ayyaz continues to suffer immensely. Due to her deteriorating mental condition, Ms. Ayyaz's physician diagnosed her with Post Traumatic Stress Disorder. Ms. Ayyaz experiences trouble sleeping, along with frequent flashbacks and nightmares reliving the incident. Ms. Ayyaz has been unable to focus on her schoolwork and has missed work to seek professional psychiatric help. Furthermore, Ms. Ayyaz was extremely afraid to return to work as an Auxiliary Police Officer—a position of public service in which she previously took great pride.

30. Ms. Ayyaz intermittently returned to her duties from August 26, 2017 through October 1, 2017 to complete hours towards her requisite 144 yearly minimum to maintain eligibility for uniform reimbursement. Ms. Ayyaz's mental health suffered whenever she returned to the precinct. During that time Ms. Ayyaz disclosed the incident to Auxiliary Sergeant Om Verma. Verma encouraged Ms. Ayyaz, saying "We are all with you," and "don't feel lonely." Verma assured Ms. Ayyaz that "the NYPD has no tolerance" for these incidents. Yet, Defendant has failed to adequately act in response to Singh and Thaler's actions since the incident.

31. On November 6, 2017, Ms. Ayyaz's physician diagnosed her with post-traumatic stress resulting from the sexual harassment from August 22, 2017. Ms. Ayyaz received extensive psychiatric treatment from November 2017 through 2019.

32. On November 8, 2017, Ms. Ayyaz reported Thaler and Singh's sexual harassment to Defendant's EEO department.

33. On December 19, 2017, Defendant granted Ms. Ayyaz medical leave of absence from the auxiliary program, allowing her to avoid exacerbating her health further.

34. In November 2018, Defendant extended Ms. Ayyaz's leave of absence for an additional six months.

35. Based on the foregoing, Defendant discriminated against Ms. Ayyaz based upon her gender, including sexual harassment, and race.

36. Defendant treated Ms. Ayyaz differently as compared to similarly-situated employees who were not female or Pakistani. These actions substantially interfered with Ms. Ayyaz's employment.

37. As a result of Defendant's unlawful discriminatory practices, Ms. Ayyaz has suffered significant financial ramifications, humiliation, outrage, and mental anguish.

### AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION UNDER SECTION 1981 OF THE CIVIL RIGHTS ACT OF 1964

38. Ms. Ayyaz repeats and realleges every paragraph above, as if fully set forth herein.

39. Ms. Ayyaz is a member of protected classes pursuant to Section 1981 of the Civil Rights Act of 1964, namely, Ms. Ayyaz is female and Pakistani.

40. Defendant and/or its agents intended to discriminate against Ms. Ayyaz on the basis of her race and gender, including sexual harassment.

41. Defendant's discrimination concerned one of the activities protected by the Civil Rights Act of 1964, 42 U.S.C. §1981.

42. Section 1981 of the Civil Rights Act of 1964 states, "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and

shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

43. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the Civil Rights Act of 1964, 42 U.S.C. §1981, Ms. Ayyaz suffered and continues to suffer mental anguish and emotional distress, including but not limited to humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

## AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

44. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

45. Ms. Ayyaz is a member of protected classes pursuant to Title VII of the Civil Rights Act of 1964, Section 2000e-2, namely Ms. Ayyaz is female and Pakistani.

46. Ms. Ayyaz possessed proper qualifications for Defendant to continue her employment.

47. Defendant's discrimination concerned one of the activities protected by Title VII of the Civil Rights Act of 1964, Section 2000e-2.

48. Title VII of the Civil Rights Act of 1964, Section 2000e-2, Section 703 "Employer Practices" states: "It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

49. Defendant engaged in an unlawful practice by discriminating against Plaintiff because of her gender, including sexual harassment, and race.

50. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII of the Civil Rights Act of 1964, Section 2000e-2, Ms. Ayyaz suffered and continues to suffer mental anguish and emotional distress, including but not limited to humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

### AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK STATE HUMAN RIGHTS LAW

51. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

52. Ms. Ayyaz is a member of protected classes pursuant to New York Executive Law § 296, namely, Ms. Ayyaz is female and Pakistani.

53. Ms. Ayyaz possessed proper qualifications for Defendant to continue her employment.

54. Defendant's discrimination concerned activities protected by New York Executive Law § 296.

55. The New York State Human Rights Law, N.Y. Exec. Law 296 provides, in pertinent part: "It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, familial status, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

56. Defendant engaged in an unlawful practice by discriminating against Plaintiff because of her gender, including sexual harassment, and race.

57. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of N.Y. Exec. Law §296, Ms. Ayyaz suffered and continues to suffer mental anguish and emotional distress, including but not limited to humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

### AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY HUMAN RIGHTS LAW

58. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

59. Ms. Ayyaz is a member of protected classes pursuant to New York City Administrative Code § 8-107, namely, Ms. Ayyaz is female and Pakistani.

60. Ms. Ayyaz possessed proper qualifications for Defendant to continue her employment.

61. Defendant's discrimination concerned activities protected by New York City Administrative Code § 8-107.

62. The New York City Human Rights Law, N.Y. Admin Code 8-101 provides, in pertinent part: "It shall be an unlawful discriminatory practice: (a) For an employer or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, caregiver status, sexual orientation, uniformed service or alienage or citizenship status of any person: (i) To represent that any employment or position is not available when in fact it is available; (ii) To refuse to hire or employ or to bar or to discharge from employment such person; or (iii) To discriminate against such person in compensation or in terms, conditions, or privileges of employment."

63. Defendant engaged in an unlawful practice by discriminating against Plaintiff because of her gender, including sexual harassment, and race.

64. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of N.Y. Admin Code 8-101, Ms. Ayyaz suffered and continues to suffer mental anguish and emotional distress, including but not limited to humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendant:

A. Declaring that Defendant engaged in unlawful employment practices prohibited by Section 1981 of the Civil Rights Act of 1964, *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq.*, the New York State Human Rights Law, N.Y. Exec. Law 290. *et seq.*, and the New York City Human Rights Law, N.Y. Admin Code 8-101, *et seq.* by discriminating against Plaintiff on the basis of her race and gender, including sexual harassment;

B. Awarding damages to the Plaintiff, resulting from Defendant's unlawful constructive discharge of her employment and to otherwise make her whole for any losses suffered as a result of such unlawful employment practice;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action;

F.  Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

Dated: February 13, 2019
       New York, New York

Respectfully submitted,

/s/ M. Dinora Smith

M. Dinora Smith
White, Hilferty, & Albanese
*Attorneys for Plaintiff*
570 Lexington Avenue, 16th Floor
New York, New York 10022
Ph: (646) 690-8881

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   Case No.:
HUMA AYYAZ,

**<u>VERIFICATION</u>**

                Plaintiff,

      -against-

THE CITY OF NEW YORK, NEW YORK POLICE
DEPARTMENT,

                Defendant(s).
------------------------------------------------------------------X

    HUMA AYYAZ pursuant to the provisions of 28 U.S.C. 1746, declares the following under penalty of perjury that the foregoing is true and correct:

1. I am the Plaintiff herein.

2. I have read the foregoing Complaint and know the content thereof, that the same is of my own knowledge except as to the matters therein stated upon information and belief; and that as to those matters, I believe the same to be true.

Executed :   New York, New York
              February 13, 2019

                                                        Huma Ayyaz