UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

HUMA AYYAZ,                                          Case No.: 1:19-cv-01412

                    Plaintiff,

                                    **AMENDED COMPLAINT**

      -against-

THE CITY OF NEW YORK, ANDREW THALER, ROHIT   **PLAINTIFF DEMANDS**
SINGH,                                                            **A TRIAL BY JURY**

                    Defendants.

-----------------------------------------------------------------------x

       Plaintiff HUMA AYYAZ ("Plaintiff"), by and through her attorneys, White, Hilferty &

Albanese, hereby complains of Defendant, upon information and belief as follows:

## <u>NATURE OF THE CASE</u>

1.     Plaintiff brings this action alleging that Defendant has violated Section 1983 of the Civil

    Rights Act of 1964, *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et*

    *seq.*, the New York State Human Rights Law, N.Y. Exec. Law 290. *et seq.*, and the New

    York City Human Rights Law, N.Y. Admin Code 8-107, *et seq.* and seeks damages to

    redress the injuries she has suffered as a result of being **<u>Discriminated Against on the</u>**

    **<u>Basis of her Race, Gender, and Sexual Harassment</u>**.

## <u>JURISDICTION & VENUE</u>

2.     Jurisdiction of this Court is proper under 42 U.S.C. § 2000, *et seq.*, and 28 U.S.C. §§ 1331

    and 1343.

3.     The Court has supplemental jurisdiction over Plaintiff's claims brought under state law

    pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b) as it is a judicial district in

    which a substantial part of the events or omissions giving rise to the claims occurred.

## PROCEDURAL REQUIREMENTS

5.    On November 20, 2017, Plaintiff filed a Notice of Claim with the Office of the New York
City Comptroller.

6.    On December 26, 2017, Plaintiff filed charges of discrimination upon which this Complaint
is based with the New York State Division of Human Rights ("the Division"). The Division
referred this case to Administrative Law Judge Joshua Levin for a hearing.

7.    On July 26, 2018, the Division dismissed this case for administrative convenience to allow
Plaintiff to pursue her claims in federal court.

8.    Plaintiff received a notice of right to sue from the Equal Employment Opportunity
Commission, dated November 26, 2018.

9.    Plaintiff has filed this action within 90 days of receipt of the notice of right to sue.

## THE PARTIES

10.    Plaintiff HUMA AYYAZ was and is a resident of the State of New York, County of
Queens.

11.    Defendant THE CITY OF NEW YORK ("Defendant") is a municipality controlling the
City of New York Police Department ("NYPD"), which is responsible for law enforcement
and investigation within the five boroughs of New York City.

12.    Defendant ANDREW THALER was and is a Police Officer who served as Ms. Ayyaz's
supervisor during the course of her employment with Defendant City of New York.

13.    Defendant ROHIT SINGH was and is a Police Officer serving as the Auxiliary Police
Sergeant supervising Ms. Ayyaz during the course of her employment with Defendant City
of New York.

14.    At all times relevant, Defendant owned, operated, and/or maintained its place of business in New York County, New York.

## **MATERIAL FACTS**

15. Plaintiff is a Pakistani female.

16. On December 8, 2013, Ms. Ayyaz became an Auxiliary Police Officer for the New York City Police Department at its 105th Precinct. Ms. Ayyaz is currently attending John Jay College of Criminal Justice and worked at LaGuardia College as a part-time employee.

17. Since 2015, Police Officer Andrew Thaler and Auxiliary Police Sergeant Rohit Singh supervised Ms. Ayyaz during her shifts for Defendant. Thaler was the Auxiliary Police Coordinator at Defendant's 105th Precinct; his responsibilities included coordinating auxiliary police activities with the command, scheduling auxiliary police training, and safeguarding equipment used by auxiliary personnel. As a result, Ms. Ayyaz often coordinated her schedule directly with Thaler. Singh was the Precinct's Auxiliary Sergeant; his responsibilities included training auxiliary members, reviewing reports for completeness and accuracy, and explaining police procedures to auxiliary members. Both Singh and Thaler performed supervisory duties for Ms. Ayyaz as an auxiliary officer.

18. Between June and September 2017, Thaler repeatedly asked Ms. Ayyaz to come to his home because his wife was away for a few months, advances which she repeatedly rejected.

19. On the evening of August 22, 2017, Ms. Ayyaz received a text message from Thaler asking for her location. Ms. Ayyaz responded that she was riding the bus home. Thaler then asked for her exact location and the approximate time Ms. Ayyaz would reach her stop. Due to his authoritative role over Ms. Ayyaz, she felt obligated to relay the demanded information to Thaler.

20. Upon reaching her stop in Queens Village, Ms. Ayyaz exited the bus and saw Thaler and Singh. Both were in uniform, and Thaler was armed.

21. Thaler and Singh asked where Ms. Ayyaz was going, she told them she intended to go home. Thaler insisted on giving Ms. Ayyaz a ride home in the NYPD van he and Singh were driving. Due to their supervisory roles, Ms. Ayyaz felt obligated to accept.

22. Ms. Ayyaz sat in the back seat of the van. Singh drove, and Thaler sat in the passenger seat. Ms. Ayyaz told Thaler and Singh her home address and gave them directions.

23. Singh pulled away from the bus stop and immediately made an incorrect turn, completely disregarding Ms. Ayyaz's directions.

24. Singh drove to Alley Pond Park and parked in an unlit, narrow alleyway, making it impossible for Ms. Ayyaz to exit the vehicle.

25. Ms. Ayyaz was terrified. Thaler was armed, and both officers were in uniform. Furthermore, both officers are significantly larger than Ms. Ayyaz, who is approximately five feet tall. Additionally, based upon both their supervisory roles and authority as a higher-ranking officers, Ms. Ayyaz was afraid to disobey their requests.

26. At this point, Thaler exited the passenger seat of the NYPD van and climbed into the back seat, sitting immediately next to Ms. Ayyaz. Thaler reached over, grabbed Ms. Ayyaz's hand, and slowly rubbed her arm, commenting that she had "very smooth and nice skin." Thaler clearly intended to engage in sexual intercourse with Ms. Ayyaz.

27. Singh then asked Thaler if he wanted to "do it" in the van or outside. Moments later, Singh turned off the van, locked the doors and turned off the lights, leaving Ms. Ayyaz trapped in darkness in the backseat next to an armed Thaler.

28. Thaler continued to rub the skin on Ms. Ayyaz's arm.  Despite her terror, Ms. Ayyaz removed Thaler's hand from her arm, and explained that her skin was so smooth because she never waxed her arms. Thaler became very agitated and returned to the front seat. He told Singh to drop Ms. Ayyaz off at home because she was "not in the mood today."

29. Both Singh and Thaler knew Ms. Ayyaz came from a conservative Pakistani family that would frown upon any sexual interaction of this nature. Because they knew it was unlikely that Ms. Ayyaz would jeopardize her reputation or concern her family, they perceived her as a victim who would not reveal these events to anyone.

30. On August 23, 2017, Ms. Ayyaz texted Thaler indicating she would not come to work that day, stating she was not feeling well. Ms. Ayyaz was traumatized by the previous days' events with no desire to see either Thaler or Singh.

31. Because of Thaler and Singh's conduct, Ms. Ayyaz continues to suffer immensely. Due to her deteriorating mental condition, Ms. Ayyaz's physician diagnosed her with Post Traumatic Stress Disorder. Ms. Ayyaz experiences trouble sleeping, along with frequent flashbacks and nightmares reliving the incident. Ms. Ayyaz has been unable to focus on her schoolwork and has missed work to seek professional psychiatric help. Furthermore, Ms. Ayyaz was extremely afraid to return to work as an Auxiliary Police Officer—a position of public service in which she previously took great pride.

32. Ms. Ayyaz intermittently returned to her duties from August 26, 2017 through October 1, 2017 to complete hours towards her requisite 144 yearly minimum to maintain eligibility for uniform reimbursement. Ms. Ayyaz's mental health suffered whenever she returned to the precinct. During that time Ms. Ayyaz disclosed the incident to Auxiliary Sergeant Om Verma. Verma encouraged Ms. Ayyaz, saying "We are all with you," and "don't feel

lonely." Verma assured Ms. Ayyaz that "the NYPD has no tolerance" for these incidents. Yet, Defendant has failed to adequately act in response to Singh and Thaler's actions since the incident.

33. On November 6, 2017, Ms. Ayyaz's physician diagnosed her with post-traumatic stress resulting from the sexual harassment from August 22, 2017. Ms. Ayyaz received extensive psychiatric treatment from November 2017 through 2019.

34. On November 8, 2017, Ms. Ayyaz reported Thaler and Singh's sexual harassment to Defendant's EEO department.

35. On December 19, 2017, Defendant granted Ms. Ayyaz medical leave of absence from the auxiliary program, allowing her to avoid exacerbating her health further.

36. In November 2018, Defendant extended Ms. Ayyaz's leave of absence for an additional six months.

37. Based on the foregoing, Defendant discriminated against Ms. Ayyaz based upon her gender, including sexual harassment, and race.

38. Defendant treated Ms. Ayyaz differently as compared to similarly-situated employees who were not female or Pakistani. These actions substantially interfered with Ms. Ayyaz's employment.

39. As a result of Defendant's unlawful discriminatory practices, Ms. Ayyaz has suffered significant financial ramifications, humiliation, outrage, and mental anguish.

**AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION
AGAINST DEFENDANT CITY OF NEW YORK
UNDER SECTION 1983 OF THE CIVIL RIGHTS ACT OF 1964**

40. Ms. Ayyaz repeats and realleges every paragraph above, as if fully set forth herein.

41. Defendant's discrimination concerned one of the activities protected by the Civil Rights Act of 1964, 42 U.S.C. §1983.

42. Section 1983 of the Civil Rights Act of 1964 states, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law..."

43. Ms. Ayyaz is a member of a protected class pursuant to Section 1983 of the Civil Rights Act of 1964, namely, Ms. Ayyaz is Pakistani.

44. Ms. Ayyaz performed her responsibilities as an Auxiliary Officer in a satisfactory manner.

45. Defendant City of New York and/or its agents intended to discriminate against Ms. Ayyaz on the basis of her race by targeting her with sexual harassment based upon her race as a member of a conservative Pakistani family, which Defendants Thaler and Singh determined would prevent Ms. Ayyaz from revealing their actions. Defendants Thaler and Singh were personally involved in the adverse action taken against her, as alleged fully in the preceding paragraphs. These employees acted in their official capacities by picking up Ms. Ayyaz while dressed in uniform utilizing a NYPD police vehicle in order to sexually harass her. Defendant City of New York failed to adequately investigate and take remedial action against Defendants Thaler and Singh, causing Ms. Ayyaz significant mental anguish and emotional distress.

46. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the Civil Rights Act of 1964, 42 U.S.C. §1983, Ms. Ayyaz suffered and

continues to suffer mental anguish and emotional distress, including but not limited to humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

### AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION AGAINST DEFENDANT THALER UNDER SECTION 1983 OF THE CIVIL RIGHTS ACT OF 1964

47. Ms. Ayyaz repeats and realleges every paragraph above, as if fully set forth herein.

48. Defendant Thaler's discrimination concerned one of the activities protected by the Civil Rights Act of 1964, 42 U.S.C. §1983.

49. Section 1983 of the Civil Rights Act of 1964 states, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law…"

50. To establish a Defendant's individual liability in a suit brought under § 1983, Ms. Ayyaz must show the Defendant's personal involvement in the alleged constitutional deprivation. Ms. Ayyaz may establish personal involvement by indicating the Defendant participated directly in the alleged constitutional violation. Ms. Ayyaz must also establish that the Defendant supervisor's actions were the proximate cause of her constitutional deprivation.

51. Ms. Ayyaz is a member of protected classes pursuant to Section 1983 of the Civil Rights Act of 1964, namely, Ms. Ayyaz is Pakistani.

52. Ms. Ayyaz performed her responsibilities as an Auxiliary Officer in a satisfactory manner.

53. Defendant Thaler intended to discriminate against Ms. Ayyaz on the basis of her race by targeting her with sexual harassment as a member of a conservative Pakistani family, which Defendants Thaler and Singh determined would prevent Ms. Ayyaz from revealing their actions. Defendants Thaler and Singh were personally involved in the adverse action taken against her, as alleged fully in the preceding paragraphs. Defendant Thaler acted in his official capacities by picking up Ms. Ayyaz utilizing a NYPD police vehicle while dressed in uniform in order to sexually harass her, namely by using his authority as an officer and supervisor to coerce sexual intercourse from Ms. Ayyaz.

54. As a direct and proximate result of Defendant Thaler's unlawful and discriminatory conduct in violation of the Civil Rights Act of 1964, 42 U.S.C. §1983, Ms. Ayyaz suffered and continues to suffer mental anguish and emotional distress, including but not limited to humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

### AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION AGAINST DEFENDANT SINGH UNDER SECTION 1983 OF THE CIVIL RIGHTS ACT OF 1964

55. Ms. Ayyaz repeats and realleges every paragraph above, as if fully set forth herein.

56. Defendant Singh's discrimination concerned one of the activities protected by the Civil Rights Act of 1964, 42 U.S.C. §1983.

57. Section 1983 of the Civil Rights Act of 1964 states, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or

immunities secured by the Constitution and laws, shall be liable to the party injured in an

action at law…"

58. Ms. Ayyaz is a member of protected classes pursuant to Section 1983 of the Civil Rights

Act of 1964, namely, Ms. Ayyaz is Pakistani.

59. Ms. Ayyaz performed her responsibilities as an Auxiliary Officer in a satisfactory manner.

60. Defendant Singh intended to discriminate against Ms. Ayyaz on the basis of her race by

targeting her with sexual harassment as a member of a conservative Pakistani family, which

Defendants Thaler and Singh determined would prevent Ms. Ayyaz from revealing their

actions. Defendants Thaler and Singh were personally involved in the adverse action taken

against her, as alleged fully in the preceding paragraphs. Defendant Singh acted in his

official capacities by picking up Ms. Ayyaz utilizing a NYPD police vehicle while dressed

in uniform in order to facilitate Defendant Thaler's attempts to sexually harass her, namely

by using his authority as an officer and supervisor to coerce sexual intercourse from Ms.

Ayyaz.

61. As a direct and proximate result of Defendant Singh's unlawful and discriminatory conduct

in violation of the Civil Rights Act of 1964, 42 U.S.C. §1983, Ms. Ayyaz suffered and

continues to suffer mental anguish and emotional distress, including but not limited to

humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence,

emotional pain and suffering, for which she is entitled to an award of monetary damages

and other relief.

**AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION
AGAINST DEFENDANT CITY OF NEW YORK
UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

62.    Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

63.    Defendant City of New York's discrimination concerned one of the activities protected by Title VII of the Civil Rights Act of 1964, Section 2000e-2.

64.    Title VII of the Civil Rights Act of 1964, Section 2000e-2, Section 703 "Employer Practices" states: "It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

65.    Ms. Ayyaz is a member of protected classes pursuant to Title VII of the Civil Rights Act of 1964, Section 2000e-2, namely Ms. Ayyaz is female and Pakistani.

66.    Ms. Ayyaz possessed proper qualifications for Defendant City of New York to continue her employment.

67.    Defendant City of New York and/or its agents engaged in an unlawful practice by discriminating against Plaintiff because of her gender, including sexual harassment, and race. Defendant City of New York and/or its agents intended to discriminate against Ms. Ayyaz on the basis of her race by targeting her with sexual harassment based upon her race as a member of a conservative Pakistani family, which Defendants Thaler and Singh determined would prevent Ms. Ayyaz from revealing their actions. Defendants Thaler and Singh were personally involved in the adverse action taken against her, as alleged fully in the preceding paragraphs. These employees acted in their official capacities by picking up Ms. Ayyaz while in uniform in a NYPD police vehicle in order to sexually harass her. Defendant City of New York failed to adequately investigate and take remedial action

against Defendants Thaler and Singh, causing Ms. Ayyaz significant mental anguish and emotional distress.

68.     As a direct and proximate result of Defendant City of New York's unlawful and discriminatory conduct in violation of Title VII of the Civil Rights Act of 1964, Section 2000e-2, Ms. Ayyaz suffered and continues to suffer mental anguish and emotional distress, including but not limited to humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

**AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION
AGAINST DEFENDANT CITY OF NEW YORK
UNDER THE NEW YORK STATE HUMAN RIGHTS LAW**

69.     Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

70.     Ms. Ayyaz is a member of protected classes pursuant to New York Executive Law § 296, namely, Ms. Ayyaz is female and Pakistani.

71.     Ms. Ayyaz possessed proper qualifications for Defendant City of New York to continue her employment.

72.     Defendant City of New York and/or its agents engaged in an unlawful practice by discriminating against Plaintiff because of her gender, including sexual harassment, and race. Defendant City of New York and/or its agents intended to discriminate against Ms. Ayyaz on the basis of her race by targeting her with sexual harassment based upon her race as a member of a conservative Pakistani family, which Defendants Thaler and Singh determined would prevent Ms. Ayyaz from revealing their actions. Defendants Thaler and Singh were personally involved in the adverse action taken against her, as alleged fully in

the preceding paragraphs. These employees acted in their official capacities by picking up Ms. Ayyaz while dressed in uniform utilizing a NYPD police vehicle in order to sexually harass her. Defendant City of New York failed to adequately investigate and take remedial action against Defendants Thaler and Singh, causing Ms. Ayyaz significant mental anguish and emotional distress.

73. Defendant City of New York's discrimination concerned activities protected by New York Executive Law § 296.

74. The New York State Human Rights Law, N.Y. Exec. Law 296 provides, in pertinent part: "It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, familial status, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

75. Defendant City of New York engaged in an unlawful practice by discriminating against Plaintiff because of her gender, including sexual harassment, and race.

76. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of N.Y. Exec. Law §296, Ms. Ayyaz suffered and continues to suffer mental anguish and emotional distress, including but not limited to humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

## AS A SIXTH CAUSE OF ACTION FOR DISCRIMINATION
## AGAINST DEFENDANT THALER
## UNDER THE NEW YORK STATE HUMAN RIGHTS LAW

77.    Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

78.    Ms. Ayyaz is a member of protected classes pursuant to New York Executive Law § 296, namely, Ms. Ayyaz is female and Pakistani.

79.    Ms. Ayyaz possessed proper qualifications for Defendant to continue her employment.

80.    Defendant Thaler subjected Ms. Ayyaz to adverse action in the form of sexual harassment, motivated by her race.

81.    Defendant Thaler's discrimination concerned activities protected by New York Executive Law § 296(1) and § 296(6).

82.    Defendant Thaler utilized his role as Ms. Ayyaz's supervisor to engage in sexual harassment against her, as well as discrimination based upon her race. Defendant Thaler targeted Ms. Ayyaz on the basis of her race as a member of a conservative Pakistani family, which Defendants Thaler and Singh determined would prevent Ms. Ayyaz from revealing their sexual misconduct. Defendant Thaler actually participated in the sexual harassment giving rise to Ms. Ayyaz as described above, including but not limited to confining her to a police vehicle and sexually harassing her.

83.    The New York State Human Rights Law, N.Y. Exec. Law 296(1) provides, in pertinent part: "It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, familial status, marital status, or domestic violence victim status, to refuse to hire or employ or to

bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

84. The New York State Human Rights Law, N.Y. Exec. Law 296(6) provides, in pertinent part: "It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

85. Defendant Thaler engaged in an unlawful practice by discriminating against Plaintiff because of her gender, including sexual harassment, and race.

86. As a direct and proximate result of Defendant Thaler's unlawful and discriminatory conduct in violation of N.Y. Exec. Law §296 *et seq.*, Ms. Ayyaz suffered and continues to suffer mental anguish and emotional distress, including but not limited to humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

**AS A SEVENTH CAUSE OF ACTION FOR DISCRIMINATION
AGAINST DEFENDANT SINGH
<u>UNDER THE NEW YORK STATE HUMAN RIGHTS LAW</u>**

87. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

88. Defendant Singh's discrimination concerned activities protected by New York Executive Law § 296(1) and § 296(6).

89. The New York State Human Rights Law, N.Y. Exec. Law 296(1) provides, in pertinent part: "It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, familial

status, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

90. The New York State Human Rights Law, N.Y. Exec. Law 296(6) provides, in pertinent part: "It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

91. Defendant Singh engaged in an unlawful practice by discriminating against Plaintiff because of her gender, including sexual harassment, and race.

92. Ms. Ayyaz is a member of protected classes pursuant to New York Executive Law § 296, namely, Ms. Ayyaz is female and Pakistani.

93. Ms. Ayyaz possessed proper qualifications for Defendant to continue her employment.

94. Defendant Singh subjected Ms. Ayyaz to adverse action in the form of sexual harassment, motivated by her race.

95. Defendant Singh utilized his role as Ms. Ayyaz's supervisor to engage in sexual harassment against her, as well as discrimination based upon her race. Defendant Singh targeted Ms. Ayyaz on the basis of her race as a member of a conservative Pakistani family, which Defendants Thaler and Singh determined would prevent Ms. Ayyaz from revealing their sexual misconduct. Defendant Singh actually participated in the sexual harassment giving rise to Ms. Ayyaz as described above, including but not limited to confining her to a police vehicle to facilitate Thaler's sexual harassment.

96. As a direct and proximate result of Defendant Singh's unlawful and discriminatory conduct in violation of N.Y. Exec. Law §296, Ms. Ayyaz suffered and continues to suffer mental

anguish and emotional distress, including but not limited to humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

### AS AN EIGTH CAUSE OF ACTION FOR DISCRIMINATION AGAINST DEFENDANT CITY OF NEW YORK UNDER THE NEW YORK CITY HUMAN RIGHTS LAW

97.    Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

98.    Defendant's discrimination concerned activities protected by New York City Administrative Code § 8-107.

99.    The New York City Human Rights Law, N.Y. Admin Code 8-107 provides, in pertinent part: "It shall be an unlawful discriminatory practice: (a) For an employer or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, caregiver status, sexual orientation, uniformed service or alienage or citizenship status of any person: (i) To represent that any employment or position is not available when in fact it is available; (ii) To refuse to hire or employ or to bar or to discharge from employment such person; or (iii) To discriminate against such person in compensation or in terms, conditions, or privileges of employment."

100.    Ms. Ayyaz is a member of protected classes pursuant to New York City Administrative Code § 8-107, namely, Ms. Ayyaz is female and Pakistani.

101.    Ms. Ayyaz performed her responsibilities as an Auxiliary Officer in a satisfactory manner for Defendant City of New York to continue her employment.

102.    Defendant City of New York and/or its agents engaged in an unlawful practice by discriminating against Plaintiff because of her gender, including sexual harassment, and

race. Defendant City of New York and/or its agents intended to discriminate against Ms. Ayyaz on the basis of her race by targeting her with sexual harassment as a member of a conservative Pakistani family, which Defendants Thaler and Singh determined would prevent Ms. Ayyaz from revealing their actions. Defendants Thaler and Singh were personally involved in the adverse action taken against her, as alleged fully in the preceding paragraphs. These employees acted in their official capacities by picking up Ms. Ayyaz while dressed in uniform utilizing a NYPD police vehicle in order to sexually harass her. Defendant City of New York failed to adequately investigate and take remedial action against Defendants Thaler and Singh, causing Ms. Ayyaz significant mental anguish and emotional distress.

103. Defendant City of New York engaged in an unlawful practice by discriminating against Plaintiff because of her gender, including sexual harassment, and race.

104. As a direct and proximate result of Defendant City of New York's unlawful and discriminatory conduct in violation of N.Y. Admin Code 8-107, Ms. Ayyaz suffered and continues to suffer mental anguish and emotional distress, including but not limited to humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

**AS A NINTH CAUSE OF ACTION FOR DISCRIMINATION AGAINST DEFENDANT THALER UNDER THE NEW YORK CITY HUMAN RIGHTS LAW**

105. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

106.    Defendant Thaler's discrimination concerned activities protected by New York City
        Administrative Code § 8-107(1) and § 8-107(6).

107.    The New York City Human Rights Law, N.Y. Admin Code 8-107(1) provides, in pertinent
        part: "It shall be an unlawful discriminatory practice: (a) For an employer or agent thereof,
        because of the actual or perceived age, race, creed, color, national origin, gender, disability,
        marital status, partnership status, caregiver status, sexual orientation, uniformed service or
        alienage or citizenship status of any person: (i) To represent that any employment or
        position is not available when in fact it is available; (ii) To refuse to hire or employ or to
        bar or to discharge from employment such person; or (iii) To discriminate against such
        person in compensation or in terms, conditions, or privileges of employment."

108.    The New York City Human Rights Law, N.Y. Admin Code 8-107(6) provides, in pertinent
        part: "Aiding and abetting. It shall be an unlawful discriminatory practice for any person
        to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this
        chapter, or to attempt to do so."

109.    Ms. Ayyaz is a member of protected classes pursuant to New York City Administrative
        Code § 8-107, namely, Ms. Ayyaz is female and Pakistani.

110.    Ms. Ayyaz possessed proper qualifications for Defendant to continue her employment.

111.    Defendant Thaler utilized his role as Ms. Ayyaz's supervisor to engage in sexual
        harassment against her, as well as discrimination based upon her race. Defendant Thaler
        targeted Ms. Ayyaz on the basis of her race as a member of a conservative Pakistani family,
        which Defendants Thaler and Singh determined would prevent Ms. Ayyaz from revealing
        their sexual misconduct. Defendant Thaler actually participated in the sexual harassment

giving rise to Ms. Ayyaz as described above, including but not limited to confining her to a police vehicle and sexually harassing her.

112. Defendant Thaler engaged in an unlawful practice by discriminating against Plaintiff because of her gender, including sexual harassment, and race.

113. As a direct and proximate result of Defendant Thaler's unlawful and discriminatory conduct in violation of N.Y. Admin Code 8-107, Ms. Ayyaz suffered and continues to suffer mental anguish and emotional distress, including but not limited to humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

**AS A TENTH CAUSE OF ACTION FOR DISCRIMINATION AGAINST
DEFENDANT SINGH
<u>UNDER THE NEW YORK CITY HUMAN RIGHTS LAW</u>**

114. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

115. Defendant Singh's discrimination concerned activities protected by New York City Administrative Code § 8-107(1) and § 8-107(6).

116. The New York City Human Rights Law, N.Y. Admin Code 8-107(1) provides, in pertinent part: "It shall be an unlawful discriminatory practice: (a) For an employer or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, caregiver status, sexual orientation, uniformed service or alienage or citizenship status of any person: (i) To represent that any employment or position is not available when in fact it is available; (ii) To refuse to hire or employ or to bar or to discharge from employment such person; or (iii) To discriminate against such person in compensation or in terms, conditions, or privileges of employment."

117.    The New York City Human Rights Law, N.Y. Admin Code 8-107(6) provides, in pertinent part: "Aiding and abetting. It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this chapter, or to attempt to do so."

118.    Ms. Ayyaz is a member of protected classes pursuant to New York City Administrative Code § 8-107, namely, Ms. Ayyaz is female and Pakistani.

119.    Ms. Ayyaz possessed proper qualifications for Defendant to continue her employment.

120.    Defendant Singh utilized his role as Ms. Ayyaz's supervisor to engage in sexual harassment against her, as well as discrimination based upon her race. Defendant Singh targeted Ms. Ayyaz on the basis of her race as a member of a conservative Pakistani family, which Defendants Thaler and Singh determined would prevent Ms. Ayyaz from revealing their sexual misconduct. Defendant Singh actually participated in the sexual harassment giving rise to Ms. Ayyaz as described above, including but not limited to confining her to a police vehicle in order to facilitate Thaler's sexual harassment.

121.    Defendant Singh engaged in an unlawful practice by discriminating against Plaintiff because of her gender, including sexual harassment, and race.

122.    As a direct and proximate result of Defendant Singh's unlawful and discriminatory conduct in violation of N.Y. Admin Code 8-107, Ms. Ayyaz suffered and continues to suffer mental anguish and emotional distress, including but not limited to humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendant:

A.    Declaring that Defendant engaged in unlawful employment practices prohibited by Section 1983 of the Civil Rights Act of 1964, *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq.*, the New York State Human Rights Law, N.Y. Exec. Law 290. *et seq.*, and the New York City Human Rights Law, N.Y. Admin Code 8-107, *et seq.* by discriminating against Plaintiff on the basis of her race and gender, including sexual harassment;

B.    Awarding damages to the Plaintiff, resulting from Defendant's unlawful constructive discharge of her employment and to otherwise make her whole for any losses suffered as a result of such unlawful employment practice;

C.    Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

D.    Awarding Plaintiff punitive damages;

E.    Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action;

F.    Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

Dated: May 13, 2019
        New York, New York

Respectfully submitted,

_____
M. Dinora Smith
White, Hilferty, & Albanese
*Attorneys for Plaintiff*
570 Lexington Avenue, 16th Floor
New York, New York 10022
Ph: (646) 690-8881