UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

HUMA AYYAZ,

                                  Plaintiff,

        -against-

THE CITY OF NEW YORK, ANDREW THALER, and
ROHIT SINGH,

                                 Defendant.

------------------------------------------------------------------------x

**STIPULATION AND PROTECTIVE ORDER**

19 Civ. 01412 (LTS) (SN)

        **WHEREAS**, plaintiff has sought certain documents from defendant in discovery in this action, documents which defendant deems confidential, and

        **WHEREAS**, defendant objects to the production of those documents unless appropriate protection for their confidentiality is assured,

        **WHEREAS**, an order entered pursuant to Federal Rule of Evidence 502(d) and the Court's inherent Authority will allow the parties in this action to conduct and respond to discovery expeditiously, without fear that disclosure of privileged or protected information will waive such privilege or protection in this or any other proceeding,

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for plaintiff and defendant, as follows:

        1.    As used herein, "Confidential Materials" shall mean documents or information concerning medical, disciplinary, and Equal Employment Opportunity ("EEO") information of current and former employees, who are not a plaintiff in this action, of the New York Police Department ("NYPD") and/or the City of New York.

2. "Confidential Materials" shall also mean all documents or information concerning (a) any materials that the Parties agree are subject to this order; (b) any documents that the Court directs to be produced subject to this order; and (c) any deposition testimony which reveals the contents of confidential materials produced subject to this order.

3. Materials not relating to any specific, or identifiable, individual, employee or personnel of NYPD and/or the City of New York, such as rules, regulations, policies shall not be deemed "Confidential Materials" unless confidential status is necessary for reasons of safety or security or otherwise required by law.

4. Documents and information shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are (a) obtained by a party from sources other than the party producing the Confidential Materials (the "Producing Party"), or (b) are otherwise publicly available.

5. If a party believes that documents or information designated or sought to be designated confidential by the Producing Party does not warrant such designation, or in the alternative, if a party believes that a document not designated as confidential should nevertheless receive that designation, the party receiving the Confidential Materials (the "Receiving Party") shall make a good-faith effort to resolve the dispute with the Producing Party. In the event that the dispute cannot be resolved by the parties, either the Producing Party or the Receiving Party may apply to the Court for a determination as to whether the designation is appropriate. The burden rests on the party seeking the confidentiality to demonstrate that such designation is proper.

6. Neither the Plaintiff nor the Plaintiff's attorneys shall use the Confidential Materials for any purpose other than for the preparation or presentation of plaintiff's case in this action.

7. Neither the Plaintiff nor the Plaintiff's attorneys shall disclose the Confidential Materials to any person not a member of the staff of their law office, except under the following conditions:

   a. Disclosure may be made only if reasonably necessary to the preparation or presentation of plaintiff's case in this action.

   b. Disclosure before trial may be made only to: i) the plaintiff; ii) to an expert who has been retained or specially employed by plaintiff's attorneys in anticipation of litigation or preparation for this action; iii) to a witness at deposition; iv) attorneys with whom plaintiff's attorney may consult concerning this case; v) persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing them to testify; vi) persons having prior knowledge of the documents or confidential information contained therein; vii) the Court or Court officials involved in this action, including court reporters; viii) persons designated by the Court in the interest of justice; and, ix) upon such terms as the Court may deem just and proper.

   c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court or Court officials involved in this action), plaintiff's attorneys shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential

       Materials except in testimony taken in this case.  The signed consent shall be retained by plaintiff's attorney.

    d.    Within ten days of any disclosure plaintiff's attorney shall provide defendants' attorney a copy of the executed consent form annexed hereto as Exhibit A, along with a log of all person to whom the confidential information was disclosed, identifying also the confidential information disclosed.  The disclosing attorney shall also certify that a good faith basis for the disclosure exists.

8.    Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL."  Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

9.    Plaintiff may apply to the Court for a ruling that materials (or a category of materials) designated as confidential is not entitled to such status and protection.  Defendants shall be given notice of the application and shall have an opportunity to respond.  Plaintiff must show by a preponderance of the evidence that good cause exists why the materials should not remain confidential.

10.    Plaintiff shall, not less than fifteen (15) business days before filing in this Court any paper which incorporates any Confidential Materials or reveals the contents thereof, notify defendants of plaintiff's intent to incorporate Confidential Materials or otherwise reveal their contents in a document to be filed with this Court and shall identify with particularity what Confidential materials plaintiff intends to incorporate or otherwise reveal.  After such notification

defendants shall have ten (10) business days to move this Court, consistent with the Individual Practices of District Court Judge Laura Taylor Swain, for an order to have those portions of the papers which incorporate Confidential Materials or otherwise reveal their contents placed under seal.  Until the Court rules on defendants' motion to seal any papers which incorporate Confidential Materials or otherwise reveal their contents, plaintiff shall not file such papers with the Court.

11. Within 30 days after the termination of this case, including any appeals, whether by settlement or final decision of the Court of last resort, all copies of any confidential materials, or documents or materials containing confidential information, including all copies, notes, and other materials containing or referring to information derived therefrom, shall be returned to defendants' attorneys or, upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to defendants' attorneys.  Notwithstanding this provision, the attorneys that the plaintiff retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material.  Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

12. The parties reserve their rights to seek the admission at trial of materials designated as confidential.  Procedures for seeking admission and admitting at trial materials designated as confidential shall be established by the parties and proposed to the Court, or imposed by the Court prior to trial.

13. Nothing in this Stipulation and Protective Order shall be construed to limit defendants' use of the Confidential Materials in any manner.

14. The Parties agree to the following regarding production of Protected Material:

    a. Any party's production in this proceeding of any documents or other information protected by the attorney-client privilege, attorney work product protection or any other privilege or protection recognized by law as well as any non-party personally identifying information (collectively, "Protected Material"), whether inadvertent or otherwise, shall not constitute a waiver of any privilege or protection applicable to that information in this action. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

    b. A party that produces Protected Material (the "Producing Party") may demand that any party receiving Protected Material (the "Receiving Party") return or destroy the Protected Material (the "Clawback Demand"). Such demand shall be made promptly after the Producing Party discovers that the Protected Material was produced and shall state with particularity (including the Bates number of the document, or if no Bates number appears on the document, sufficient information to identify the document), in a privilege log that complies with the Federal Rule of Civil Procedure 26(b)(5) and Local Civil Rule 26.2, the Protected Material to be returned or destroyed and the basis for the claim of privilege or protection. If the documents subject to the Clawback Demand contain Protected Material only in part, the Producing Party

shall, contemporaneously with the Clawback Demand, produce redacted versions of the documents subject to the Clawback Demand.

c. Upon receiving a Clawback Demand, the Receiving Party shall within five (5) business days, destroy the Protected Material or return it to the Producing Party, including any copies, and notify any third-party to whom the Receiving Party sent such identified Protected Material to return it to the Producing Party or destroy it.  The Receiving Party shall provide written assurance of these actions within five (5) days of receiving a Clawback Demand.  If the document or information subject to the Clawback Demand contains protected material only in part, then the Producing Party shall, within five (5) business days of the Clawback Demand, produce redacted versions of the documents subject to the Clawback Demand.

d. If the Receiving Party identifies a document or record produced by the Producing Party that appears to be Protected Material it shall immediately notify the Producing Party of the existence of the document, including the Bates number of the document, or if no Bates number appears on the document, sufficient information to identify the document so that the Producing Party may make a Clawback Demand.

e. If a Receiving Party disagrees with a Producing Party's claim that certain documents or information constitutes Protected Material, then, within five (5) business days of receiving the Clawback Demand, the Receiving Party may move the Court for an Order compelling

        production of any of the documents or information covered by the Clawback Demand, (or, in the case of redacted documents, compelling that the redactions be removed). The motion shall not assert as a ground for production the fact that such documents or information was previously produced, nor shall such motion disclose or otherwise refer to the content of the documents or information (beyond any information appearing on the above-referenced privileged log, or any portion of the document that the parties agree is not Protected Material).

    f.   The Receiving Party shall not disclose Protected Material to any person or entity that has not already had access to the material after receiving a Clawback Demand. Disclosure of Protected Material before a Receiving Party receives a Clawback Demand shall not be a violation of this Order.

    g.   The Producing Party shall not, by reason of producing Protected Material, move to disqualify counsel for any Receiving Party whether or not the Receiving Party contests the Producing Party's claim that it is Protected Material.

    15.   This Order may be changed only by further agreement of all parties in writing or by Order of the Court and is without prejudice to the right of any party to seek modification of this Order by application to the Court on notice to the other parties. Nothing in this Order shall preclude any party from seeking judicial relief, in good faith and upon notice to the other parties, with regard to any provision hereof.

16. Nothing in this Order shall restrict the use or disclosure of any documents or information that is or becomes public or that is obtained through lawful means independent of discovery in this proceeding, even if the same documents or information are produced in this litigation and are designated as Confidential or Protected Material.

17. A party's compliance with the terms of this Order shall not operate as an admission by that party that any particular document or information is or is not (a) relevant, (b) privileged, or (c) admissible in this action.

18. The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

19. Nothing in this Stipulation and Protective Order shall limit the Defendants' own use of its Confidential Materials.

Dated:  New York, New York
        January 14, 2022

**White, Hilferty & Albanese, PC**
Attorneys for Plaintiff
800 3rd Avenue
Suite 2800
New York
New York, NY 10022
917-932-2694

Joseph Christopher Albanese, Esq.

**GEORGIA M. PESTANA**
Corporation Counsel of the
  City of New York
Attorney for Defendants
100 Church Street, Room 2-109(f)
New York, New York 10007
(212) 356-2470

John F. Walpole, Esq.
Assistant Corporation Counsel

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

Dated: January 18, 2022
       New York, New York