UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

HUMA AYYAZ,

       Plaintiff,

  -v-                                               No.   19-CV-1412-LTS-SN

ANDREW THALER,

       Defendant.

-------------------------------------------------------x

## Memorandum Order

Defendant Andrew Thaler ("Thaler" or "Defendant Thaler") has filed a motion for reconsideration under Local Civil Rule 6.3. (Docket entry no. 35 ("the Motion").) Thaler requests that the Court reconsider the decision it made in a Memorandum Opinion and Order which was issued on March 31, 2021 (docket entry no. 30 ("the Order")), asserting that the Court has allegedly overlooked certain controlling points of law. The Court has considered carefully the parties' submissions and arguments and, for the following reasons, the Motion is denied.

### Background

The following summary of facts is drawn from the allegations set out in the Amended Complaint (docket entry no. 9 ("the AC")), which were set out in detail in the Order. Ms. Huma Ayyaz ("Ayyaz" or "Plaintiff") is a Pakistani woman who worked as an Auxiliary Police Officer for the New York City Police Department ("NYPD"). (AC ¶¶ 15-16.) Auxiliary officers are unpaid volunteers who assist other police officers. Ayyaz was supervised by two NYPD officers, Andrew Thaler and Rohit Singh. (AC ¶ 17.) Ayyaz alleged that Thaler and

Singh sexually harassed her in the workplace. Most notably, the AC describes an incident occurring in August 2017 in which Thaler and Singh insisted on giving her a ride home in the police van. (AC ¶¶ 19-27.) They instead drove her to an unlit, narrow alleyway, parked the car, and locked the car doors. (AC ¶¶ 21-26.) Thaler sat next to her and began rubbing her arm, while Singh asked if Thaler wanted to "do it" in the van or outside. (AC ¶¶ 26-27.) Ayyaz was "terrified" and removed Thaler's hand from her arm, whereupon Thaler became angry and directed Singh to drop Ayyaz off at home because she was "not in the mood today." (AC ¶¶ 27-28.)

In the following weeks, Ayyaz called out sick from work and was eventually diagnosed with post-traumatic stress disorder as a result of the incident. (AC ¶¶ 30-33.) She commenced this case in February 2019, suing the City of New York, Thaler, and Singh (collectively, "Defendants"), asserting that she was discriminated against on the basis of her race and sex. She asserted a variety of discrimination claims in her AC, including claims under Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983 ("Section 1983"); the New York State Human Right Law; the New York City Human Rights Law, New York Administrative Code; and Title VII of the Civil Rights Act of 1964.

Defendants filed a motion to dismiss the AC under Rule 12(b)(6) (docket entry no. 21 ("MTD")) and, on March 31, 2021, this Court issued an Order granting in part and denying in part the MTD. The Order dismissed the majority of Ayyaz's claims (including all claims against Defendant Singh); the only claim to survive dismissal was her Section 1983 claim against Defendant Thaler. (Order at 18.) Thaler has now filed a motion for reconsideration,

arguing that the Court overlooked certain controlling points of law. Plaintiff opposes the motion. (Docket entry no. 43.)[1]

## Discussion

Defendant Thaler brings this motion pursuant to SDNY Local Civil Rule 6.3, which governs motions for reconsideration or reargument. In general, reconsideration under Rule 6.3 may be granted for one of three reasons: (1) to "correct a clear error," (2) to "prevent manifest injustice," or (3) to review the court's prior decision in light of "an intervening change of controlling law" or "the availability of new evidence." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013). Under this final theory, "reconsideration may be granted only where the Court has overlooked controlling decisions of law or factual matters that were put before it on the underlying motion and which, had they been considered, might have reasonably altered the result." Beverley v. New York City Health & Hosps. Corp., No. 18-CIV-8486-ER, 2020 WL 5750828, at *3 (S.D.N.Y. Sept. 25, 2020) (citation and alterations omitted). "The burden is on the movant to demonstrate that the Court overlooked controlling decisions or material facts." Sikhs for Just. v. Nath, 893 F. Supp. 2d 598, 605 (S.D.N.Y. 2012). "Reconsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (citation and quotations omitted).

In his Motion, Defendant Thaler argues that reconsideration is proper because the Court utilized the wrong legal framework when analyzing Ayyaz's Section 1983 claim (which alleged that Thaler, as an agent of the City, discriminated against her on the basis of her sex and

---

[1] Defendant Thaler has not filed a reply.

race by targeting her with sexual harassment) and when analyzing Thaler's qualified immunity defense to that claim.  Section 1983 is a statute that "provides a mechanism for enforcing individual rights secured elsewhere, i.e., rights independently secured by the Constitution." Gonzaga Univ. v. Doe, 536 U.S. 273, 285 (2002) (quotations omitted).  Ayyaz based her Section 1983 claim on the Equal Protection Clause of the Fourteenth Amendment, asserting that Thaler had violated her constitutional right to enjoy a workplace free of sexual harassment.  See, e.g., Wise v. New York City Police Dep't, 928 F. Supp. 355, 364 (S.D.N.Y. 1996) ("Sexual harassment in the workplace is actionable under 42 U.S.C. § 1983 as a violation of the Fourteenth Amendment right to equal protection.").

In his MTD, Thaler argued that Ayyaz's Section 1983 claim should be dismissed on the basis of qualified immunity.  Qualified immunity is a doctrine that protects government officials from liability for civil damages insofar as "(1) [their] conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known, or (2) it was 'objectively reasonable' for [them] to believe that [their] actions were lawful at the time of the challenged act."  Jenkins v. City of New York, 478 F.3d 76, 87 (2d Cir. 2007) (citations omitted).  Thaler argued that his actions did not violate any of Ayyaz's clearly established rights because she was simply a volunteer (not a salaried employee), and it was "not clearly established in the Second Circuit" that volunteers could enjoy the same Equal Protection safeguards as persons who hold "salaried government positions."  (MTD at 10-11.)  The Court rejected this argument, holding that "the question of Plaintiff's employment status is irrelevant to the determination of whether Defendants are entitled to qualified immunity," as Plaintiff held a "clearly established constitutional right to be free from sexual harassment, and race and sex discrimination" regardless of her employment status.  (Order at 9-10.)  The Court noted that

Defendants' proffered interpretation of the law would "allow public officials to discriminate [against] or harass with impunity" any person who does not fit the strict legal definition of a government employee—persons such as interns or volunteers.  (Id. at 9.)

In the instant Motion, Thaler asserts that the Court should reconsider this holding, arguing that the Court has overlooked controlling law in several respects.  First, he argues that the Court erred in its qualified immunity analysis, contending that Ayyaz has not shown any violation of her clearly established rights.  He states that he has been "unable to find" any case from the Second Circuit in which a court recognized an Equal Protection claim similar to this one—namely, a case in which an unpaid volunteer or civilian has recovered against a police officer for sexual harassment under the Equal Protection clause.

The Court concludes that this argument is not a proper basis for reconsideration.  Courts in this Circuit have consistently held that a motion for reconsideration is not "an occasion for repeating old arguments previously rejected," and that "courts do not tolerate such efforts to obtain a second bite at the apple."  Simon v. Smith & Nephew, Inc., 18 F. Supp. 3d 423, 425-26 (S.D.N.Y. 2014) (citations omitted); see also Schoolcraft v. City of New York, 298 F.R.D. 134, 137 (S.D.N.Y. 2014) ("A motion for reconsideration is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved.") (citation omitted).  Here, Thaler previously raised an almost-identical argument in his MTD, where he argued that "it is by no means clearly established that an unpaid, volunteer auxiliary police officer" is "protected by the anti-employment discrimination provisions" of the Equal Protection clause.  (MTD at 11.)  Moreover, the Court already analyzed, discussed, and ultimately rejected the merits of this argument in the Order.  Thaler's rehashed qualified immunity arguments thus do not present a proper basis for reconsideration.

The remainder of the arguments in Thaler's Motion are new, consisting mostly of alternate legal theories that he contends would be a better fit for this factual scenario. For example, he asserts that allegations of unwanted sexual touching of a civilian by a police officer are more properly analyzed under the Substantive Due Process clause or under state tort law; as opposed to under the Equal Protection Clause. He also asserts that, if the Equal Protection claim were to proceed to discovery, it would be analyzed under the hostile work environment standard, which Ayyaz would be unable to satisfy because her harassment was not severe or pervasive. Finally, he asserts that Ayyaz has not shown any cognizable race discrimination claim under the Equal Protection clause because there is no allegation that her treatment was due to her race.

Because each of these arguments is being raised for the first time in Thaler's Motion, they are not proper bases for reconsideration. It is well established that a motion for reconsideration is not a vehicle for raising new arguments or legal theories. See, e.g., Simon, 18 F. Supp. 3d at 426 ("On a Local Rule 6.3 motion, a party may not advance new facts, issues, or arguments, not previously presented to the Court.") (citation omitted); Norton v. Town of Brookhaven, 47 F. Supp. 3d 152, 155 (E.D.N.Y. 2014) ("[A]rguments raised for the first time on reconsideration are not proper grounds for reconsideration.") (citations omitted); Redd v. New York State Div. of Parole, 923 F. Supp. 2d 393, 397 (E.D.N.Y. 2013) ("This argument is not a proper ground for . . . reconsideration because [the movant] failed to raise it in connection with the underlying summary judgment motion, and has no apparent excuse for this failure."); Richard Feiner & Co. v. BMG Music Spain, No. 01-CV-0937-JSR, 2003 WL 21496812, at *1 (S.D.N.Y. June 27, 2003) ("[P]laintiff is advancing new arguments without excuse as to why these arguments were not raised previously, and these arguments are therefore not cognizable on

a motion for reconsideration."). Here, these arguments are new, and Thaler also offers no excuse for his failure to raise them in his MTD.

## CONCLUSION

For the foregoing reasons, the Motion is denied. Docket entry no. 35 is resolved. This case remains referred to Magistrate Judge Netburn for general pre-trial management.

    SO ORDERED.

Dated: New York, New York
      March 21, 2022

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge